UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRONATIONAL INSURANCE COMPANY,

    Plaintiff,

v.                                        Case No.: 8:08-CV-01882

GUNWANT DHALIWAL, M.D. and
GULF VIEW WALK IN CLINIC, INC.

    Defendants.
_____/

**DEFENDANTS GUNWANT DHALIWAL, M.D.
AND GULF VIEW WALK IN CLINIC, INC.'S
STATEMENT OF DISPUTED FACTS IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants, Gunwant Dhaliwal, M.D. and Gulf View Walk in Clinic, Inc. (collectively hereafter referred to as "Defendants"), in accordance with the Case Management Order of this Honorable Court, and the Order issued by this Honorable Court on June 23, 2009, file and serve this Statement of Disputed Facts in Opposition to Plaintiff, Pronational Insurance Company's ("Plaintiff") Motion for Summary Judgment.

**STATEMENT OF DISPUTED FACTS**

1. There were only two pending lawsuits at the time of the filing of Plaintiff's Complaint and Plaintiff recognized the same in paragraph 10 of its Complaint wherein in stated that the action brought by Julieann Finnegan had been dismissed.

2. Coverage for the claims raised by Julieann Finnegan was never at issue during the pendency of this declaratory judgment action.

1

3. The action brought by Danielle Turner was brought in April of 2007 and Plaintiff denied coverage to the Defendants and has not provided a defense in said action.

4. The lawsuit brought by Marissa Satinoff was amended and a copy of the same is simultaneously being filed with this Honorable Court.

5. The General Allegations of the Amended Complaint contain an allegation that the Defendant Dhaliwal harmfully and/or offensively and without Plaintiff's consent, touched her breasts.

6. The claims of alleged sexual battery and intentional infliction of emotional distress are contained in separate counts brought as individual causes of action against the Defendants and are not asserted in the General Allegations of the amended complaint.

7. The prior suits filed against Dr. Dhaliwal and which allegedly made reference to sexual misconduct were not discovered after the filing of the matter brought by Danielle Turner.

8. The other suits brought by Marsha Cochran and Lisa Dukes were brought to the attention of the Plaintiff by the Defendant Dhaliwal in August of 2003 as noted by Dr. Dhaliwal in his Affidavit filed in opposition to the Plaintiff's Motion for Summary Judgment.

9. Dr. Dhaliwal communicated telephonically with Barbara Dougherty of Plaintiff's office and supplemented his application for insurance with additional information regarding prior claims of sexual misconduct.

10. Specifically, Dr. Dhaliwal amended his response to question 4N of the Application for insurance coverage and notified the insurer Plaintiff of the two prior claims.

11. Dr. Dhaliwal denied any claims of sexual misconduct or sexual harassment in the lawsuits brought by Ms. Cochran and Ms. Dukes.

12. Dr. Dhaliwal notified the insurer Plaintiff of the claims prior to beginning of the coverage period and explained his answer to question 4N by submitting the documents attached to Dr. Dhaliwal's Affidavit.

13. Dr. Dhaliwal did not submit a false answer to the insurer and misunderstood the question as first presented by assuming that the same asked for information only relating to claims brought as medical liability insurance claims. [See paragraph 11 of Dr. Dhaliwal's Affidavit].

14. After communicating with a representative of the insurer Plaintiff, Dr. Dhaliwal realized that question 4N pertained to any claims of sexual misconduct, regardless of whether the same were brought as medical liability insurance claims. [See paragraph 13 of Dr. Dhaliwal's Affidavit].

Respectfully submitted,

_/s/_____
Joseph A. Tsombanidis, Esq.
Florida Bar No. 196215
Joseph A. Tsombanidis, P.A.
1822 N. Belcher Rd.
Suite 202
Clearwater, FL 33765

Telephone: 727-447-4200
Facsimile: 727-447-4205
jat@jatlawfirm.com

Trial Counsel for the Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 23rd day of June 2009 via the CM/ECF system and Electronic Transmission on counsel for the Plaintiff at the following address: R. Steven Rawls, Esq. and Louis Schulman, One Harbour Place, Suite 500, 777 S. Harbour Island Boulevard, Tampa, FL 33603.

_/s_____
Joseph A. Tsombanidis, Esq.

4